UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAFAEL TORMES-ORTIZ,

    Defendant.

Criminal No. 88-253 (JAF)

**OPINION AND ORDER**

Rafael Tormes-Ortiz ("Tormes-Ortiz") comes before the court with a motion for relief from judgment pursuant to Rule 60(b)(4), Fed. R. Civ. P. (Docket No. 2741.) However, if a motion for relief from judgment falls within the substantive scope of § 2255, then we must re-characterize it as a § 2255 petition. Trenkler v. United States, 536 F.3d 85, 97 (2008). In light of this re-characterization, we must dismiss Tormes-Ortiz' petition as a successive motion under Section 2255.

**I.**

**Background**

On May 29, 1988, the government initiated proceedings against Tormes-Ortiz. (Docket No. 2729 at 4.) He was "convicted of conspiracy to possess marijuana and cocaine, possession of marijuana and cocaine, possession of cocaine with intent to distribute, use of a firearm during the commission of a drug crime, and travel in interstate commerce to possess cocaine." U.S. v. Morris, 977 F.2d 677, 679 (1992). He appealed the district court's denial of his motions to suppress evidence and the district court's

imposition of a term of special parole. He also appealed denial of his motion for a new trial. Id. The First Circuit mostly upheld Tormes-Ortiz' sentence, but vacated the imposition of special parole in light of then-recent Supreme Court precedent. Id. at 686. On March 22, 1993, his petition for writ of certiorari was denied. Morris v. U.S., 507 U.S. 988 (1993).

On remand, Tormes-Ortiz was resentenced to "(a) one life term of imprisonment, (b) followed by two consecutive five-year terms, (c) followed by a forty-year term of imprisonment." Tormes-Ortiz v. U.S., 472 F.Supp.2d 122 (D.P.R., 2006). On October 22, 1996, the district court denied his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. United States v. Ortiz, 951 F.Supp. 305 (D.P.R. 1996).

On April 24, 1997, Tormes-Ortiz again moved the court to vacate his sentence, this time in the form of a habeas petition under 28 U.S.C. § 2255. Tormes-Ortiz, 472 F.Supp.2d 122. He claimed ineffective assistance of counsel and a faulty jury instruction. Id. at 124. After a series of dismissals, denials, and interlocutory appeals, the court denied his petition for an evidentiary hearing, as well as his petition to vacate the convictions, on December 27, 2006. Id.

On August 14, 2013, Tormes-Ortiz filed the instant motion to dismiss his conviction and sentence pursuant to Rule 60(b)(4). (Docket No. 2741.) On November 1, 2013, the government filed a response in opposition. (Docket No. 2751.) On December 27, 2013, Tormes-Ortiz filed a reply. (Docket No. 2753.)

## II.

## Jurisdiction

Petitioner's Rule 60(b) motion challenges the resolution of his previous § 2255 motion on the merits, so it should be construed as a successive § 2255 motion. As the First Circuit has stated, "substance trumps form," and any motion that is "substantively within the scope of § 2255 is a motion under § 2255, no matter what title the prisoner plasters on the cover." Trenkler, 536 F.3d at 97 (internal citations omitted) (citing with approval another case that re-characterized a Rule 60(b) motion as a petition under § 2255). Therefore, we deem this to be a successive petition.

Before filing a second or successive motion under Section 2255, a petitioner "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…."). A district court lacks jurisdiction over a second or successive petition unless the defendant first obtains certification from the appropriate court of appeals. Trenkler, 536 F.3d at 96. Tormes-Ortiz submitted his first petition under Section 2255 on April 24, 1997, and the petition was dismissed on December 27, 2006. Tormes-Ortiz, 472 F.Supp.2d 122. He has not obtained certification from the First Circuit to file a successive petition and, therefore, we lack jurisdiction to entertain the petition.

### III.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Tormes-Ortiz has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Tormes-Ortiz may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

### IV.

### Conclusion

For the foregoing reasons, we hereby **DENY** Tormes-Ortiz' motion for relief from judgment, which we have re-characterized as a petition under § 2255. (Docket No. 2741). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Tormes-Ortiz is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of March, 2014.

                                              S/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              U. S. DISTRICT JUDGE