UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL TORMES-ORTIZ,<br><br>Defendant. | Criminal No. 88-253 (JAF) |

**OPINION AND ORDER**

Rafael Tormes-Ortiz ("Tormes-Ortiz") comes before the court with a motion under Rule 35 to vacate, modify or correct his sentence. (Docket No. 2757.) Because we find that his motion falls within the substantive scope of § 2255, we must re-characterize it as a § 2255 petition. Trenkler v. United States, 536 F.3d 85, 97 (2008). In light of this re-characterization as a third § 2255 petition, we must dismiss Tormes-Ortiz' petition as a successive motion under § 2255.

**I.**

**Procedural History**

We thoroughly covered the history of this case in our last opinion and order. (See Docket No. 2756.) Tormes-Ortiz was "convicted of conspiracy to possess marijuana and cocaine, possession of marijuana and cocaine, possession of cocaine with intent to distribute, use of a firearm during the commission of a drug crime, and travel in interstate commerce to possess cocaine." U.S. v. Morris, 977 F.2d 677, 679 (1992). Tormes-Ortiz

appealed, and the First Circuit mostly upheld his sentence, but vacated the imposition of special parole in light of then-recent Supreme Court precedent. Id. at 686. His petition for writ of certiorari was denied. Morris v. U.S., 507 U.S. 988 (1993).

Tormes-Ortiz was resentenced on remand to "(a) one life term of imprisonment, (b) followed by two consecutive five-year terms, (c) followed by a forty-year term of imprisonment." Tormes-Ortiz v. U.S., 472 F.Supp.2d 122 (D.P.R. 2006). His motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) was denied. United States v. Ortiz, 951 F.Supp. 305 (D.P.R. 1996). Tormes-Ortiz then filed a habeas petition under 28 U.S.C. § 2255, which was also denied. Tormes-Ortiz, 472 F.Supp.2d 122. Most recently, Tormes-Ortiz filed a motion to dismiss his conviction and sentence pursuant to Rule 60(b)(4). (Docket No. 2741.) We re-characterized his motion as a petition under § 2255, because it was substantively within the scope of § 2255 and "substance trumps form." (Docket No. 2756) (quoting Trenkler, 536 F.3d at 97). Then, we denied the motion as a successive petition under § 2255. (Docket No. 2756.)

On April 8, 2014, Tormes-Ortiz filed the instant motion to vacate, modify, or correct his sentence under Federal Rule of Criminal Procedure 35(a). (Docket No. 2757.) On June 9, 2014, the United States filed a response in opposition. (Docket No. 2764.) In his "statement of the case," Tormes-Ortiz argues that he was convicted in excess of the maximum term of imprisonment. (Docket No. 2757 at 2.) Later in the petition, Tormes-Ortiz also argues that his sentences should have run concurrently; that the court violated the ex-post-facto clause; and that the court should have applied the rule of lenity. (Docket No. 2757 at 3-6.)

Case 3:88-cr-00253-JAF   Document 2766   Filed 06/12/14   Page 3 of 5
Civil No. 88-253 (JAF)                                                                                         -3-

## II.

## **Jurisdiction**

As the First Circuit has stated, "substance trumps form," and any motion that is "substantively within the scope of § 2255 is a motion under § 2255, no matter what title the prisoner plasters on the cover." Trenkler, 536 F.3d at 97 (internal citations omitted) (citing with approval another First Circuit case that re-characterized a self-styled Rule 35 motion as a petition under § 2255). Section 2255 is a vehicle through which a prisoner can ask for release,

> upon the ground that the sentence was imposed in violation of the Constitution of laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). The instant motion by Tormes-Ortiz argues exactly that. (Docket No. 2757.) Therefore, we deem this to be yet another successive petition.

Before filing a second or successive motion under § 2255, a petitioner "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals.") A district court lacks jurisdiction over a second or successive petition unless the defendant first obtains certification from the appropriate court of appeals. Trenkler, 536 F.3d at 96. Tormes-Ortiz has now submitted two petitions under Section 2255. See Tormes-Ortiz, 472 F.Supp.2d 122; Docket No. 2756.

He has not obtained certification from the First Circuit to file a successive petition and, therefore, we lack jurisdiction to entertain the petition.

### III.

### Repeated Filings

As we noted both in this opinion and in our last opinion, substance trumps form. Any motion that is substantively within the scope of a § 2255 motion will be re-characterized as a successive motion under § 2255 and denied for lack of jurisdiction. As the First Circuit has stated, "[t]he strictures of section 2255 cannot be sidestepped by the simple expedient of resorting to some more exotic writ" or "imaginatively captioned petitions." Trenkler, 536 F.3d at 97. If Tormes-Ortiz files another motion challenging his sentence, we will again re-characterize it as a petition under § 2255 and will again deny it as a successive petition.

### IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Tormes-Ortiz has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Tormes-Ortiz

may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of June, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE